[No. 3497.]

MEYER v. WRIGHT.

1. APPEALS—*Abstract.* Where the abstract fails to set forth the evidence heard below the judgment of the trial court will be accepted as conclusive upon the facts.

2. CORPORATIONS—*Stockholder Dealing With.* A stockholder may, acting in good faith, deal with the corporation in respect to its property or liabilities as may any stranger.

3. CONTRACTS—*Validity—Public Policy.* The properties of a corporation had been sold for taxes. A stockholder, who was also the attorney of the other stockholders, entered into a contract with the holder of the certificate to purchase it, the holder agreeing to assign the certificate upon payment of a certain sum of money. *Held,* that no presumption of fraud or intended misconduct on the part of the stockholder was to be indulged, and that the contract was, upon its face, above reproach. A decree for specific performance was affirmed.

4. PLEADINGS—*Demurrer.* A demurrer admits all facts which are well pleaded.

*Appeal from Eagle District Court.* HON. CHARLES CAVENDER, Judge.

Mr. Henry R. Rhone, for appellant.

Mr. John A. Ewing, Mr. Frazer Arnold, for appellee.

Hurlbut, J., delivered the opinion of the court.

May 28, 1908, plaintiff (appellee) instituted suit against defendant (appellant) in Eagle district court. The complaint, among other things, alleged that on June 10, 1907, the Gold Belt Mining, Milling & Prospecting Company of Council Bluffs, Iowa, a corporation, was the owner of certain patented claims, machinery and improvements therein described; that the taxes upon said premises were delinquent for the year 1900, and the property had been sold by the treasurer of Eagle County on the 17th day of October, 1901, for such delinquent taxes; that at the tax sale defendant purchased said property and received a treasurer's certificate therefor; that on June 10, 1907, plaintiff was interested in the property as a stockholder, and as attorney for the stockholders of said mining company, and on that day entered into a written contract with defendant, under the terms of which defendant agreed to obtain a treasurer's deed for the premises in pursuance of his certificate of sale, and thereupon convey the said property to plaintiff; and that in consideration of such conveyance plaintiff agreed to pay defendant the full amount of taxes with interest and penalties and all other expenses incurred by defendant in obtaining said deed. The contract provided for an alternative consideration to be paid by plaintiff at his option, not necessary to consider. The contract contained an acknowledgment by defendant of the receipt of $10 from plaintiff as part payment of the consideration. The complaint further alleges that on August 2, 1907, it was found and determined that a balance of $397.75 was due defendant under the terms of said con-

tract, which sum, on the 7th day of August, 1907, plaintiff paid to defendant, which he received and retained; that on October 27th, 1907, defendant received from the treasurer of said county the tax deed for the premises described; that defendant had paid all subsequent taxes and had done all things necessary and requisite to entitle him to the tax deed aforesaid; that plaintiff complied with, and performed, all the terms of said contract on his part to be complied with and performed; that defendant refused to convey to plaintiff the said property and his interest therein acquired by virtue of the tax deed; closing with a prayer for specific performance of the contract and general relief.

To this complaint a demurrer was interposed by defendant, containing two grounds: First, that the complaint did not state facts sufficient to constitute a cause of action; second, "that the contract set out in said complaint is illegal and void, contrary to public policy, contrary to good morals, and cannot be enforced."

The demurrer was afterwards heard by the court and overruled, whereupon defendant elected to stand on his demurrer, saved proper exceptions to the court's ruling, and took the case, by appeal, to the supreme court. The case is now before us for determination by lawful transfer from the supreme court.

As we interpret the demurrer, only one ground recognized by the code is therein stated, to-wit, the first. The alleged second ground does not state any one of the seven reasons for demurrer found in §50, Mills' Annotated Code. The matters, however, contained in this second ground could probably be urged in support of the first. The record shows that after defendant elected to stand on his demurrer, evidence was introduced on behalf of plaintiff to sustain the allegations of the complaint, but such evidence does not appear in the abstract

of record. The decree, however, appears therein and is conclusive as to its finding of facts.

But one question is before the court, a determination of which is decisive of this appeal: Did the complaint state facts sufficient to constitute a cause of action?

Appellant contends that the contract of June 10, 1907, set out in the complaint, is illegal, void on its face, and contrary to public policy and good morals, and that other averments of the complaint confirm such contention. The averments alluded to read as follows:

"That prior to the said 10th day of June, 1907, the plaintiff herein being interested as a stockholder and as the attorney for the stockholders of said mining company, began negotiations with the defendant with a view of purchasing said tax sale certificates and the rights of the defendant, R. J. Meyer, therein or thereto and to acquiring the title to said property under the tax deed to be issued by the treasurer of Eagle County under said tax sale certificate or certificates and to acquire such title under said tax deed as could be acquired under and by virtue of such sale thereof for the taxes of the year 1900."

In view of these allegations appellant reasons that a stockholder or stockholder's attorney sustains a trust relation toward the company, and cannot purchase its property at a tax sale, either in the name of the stockholder or the attorney; that the same is prohibited under a well-known rule of equity; that one occupying a fiduciary relation towards his principal may not purchase the property of the principal without his consent, nor otherwise deal with the same to his own advantage and profit. We fail to see wherein this rule is applicable in this case. A mere stockholder, unlike a director, is under no duty to serve his corporation. In the absence of fraud he may deal with it or its debts or property as any

stranger. He does not occupy a trust relation towards the other stockholders, and he may deal with them or with the corporation in good faith. It is not alleged that plaintiff was the attorney for the company, but even if such were the case there is no averment from which the inference can be drawn that he acted fraudulently or prejudicial to the rights of the company in executing the contract in question. The contract set out in the complaint is free from ambiguity. It requires defendant to obtain a treasurer's deed for the property described in the complaint, and as soon as such deed is obtained convey such property to plaintiff. It requires plaintiff to pay defendant certain sums of money to be used for the purposes stated. The complaint shows that plaintiff made all payments required of him, and otherwise complied with all the terms of the contract, while, on the contrary, defendant secured the tax deed but refused to make the conveyance as he had agreed to do. As we read the complaint, not a line or word therein shows, or tends to show, violation of any trust by plaintiff, nor does it show any act or thing done or said by him which suggests bad faith or moral turpitude on his part. Everything said or done by him, as shown by the complaint, appears to be entirely consistent with honesty and good morals. True, the complaint shows that plaintiff, while a stockholder and attorney for other stockholders, contracted with the holder of the tax sale certificate to secure title from him by deed to the company's property previously sold at tax sale. It cannot be successfully contended that this fact by itself justifies a legal presumption of fraud. For anything that appears to the contrary in the complaint, the entire transaction may have been conducted with the full knowledge of plaintiff's clients or brother stockholders. It is not disclosed by the complaint that any client of plaintiff, the

company itself, or any stockholder thereof, is complaining of the contract or plaintiff's relation thereto. We do not think the authority or reasoning found in appellant's brief are applicable to the issues presented on this appeal. The demurrer admits all the facts well pleaded in the complaint, and we are satisfied it states a good cause of action. The judgment is affirmed.